By the Court, Cowen, J.
It is supposed that the words, “it shall not be lawful for any person or persons to have or keep any quantity of gunpowder,” &c., (Laws of 1830, p. 352, § 24,) do not extend to the act of receiving it into the store of the defendant below for the purpose of being packed and sent to Mobile for sale, the labor of packing being prosecuted with diligence, and the whole transaction in good faith. The provision that no person shall have powder in his store, dec., is, however, too plain to be got over. It comprehends every act of possession, whether for the immediate purpose of removal or not, if such possession be in a store or other building or place, except indeed when the powder is on its passage in the street secured in the *101 maimer provided for in the 29th section of the same act. In the common phrase, the defendant had the powder in his store. The statute declared he should not have it there.
The statute is a mere police regulation—an act to prevent a nuisance to the city—and is not, therefore, objectionable as coming ha conflict with that clause in the United States constitution which grants to congress the power of regulating commerce between the states.
There is no ground for saying that the 2nd section of the act of 1841, (Sess. Laws of 1841, p. 137) operates as a general repeal of the section on which this action was brought. It merely creates an exception of cases like that in question arising after the passage of the act of 1830.
Judgment affirmed,